**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THURMOND ALLEN JR.,** | : | |
| **Plaintiff** | : | **CIV. ACTION NO. 3:25-CV-106** |
| **v.** | : | **(JUDGE MANNION)** |
| **THEODOR ANTHONY VOORSTAD,** | : | |
| **Defendant** | : | |

# MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. §1983 in which plaintiff alleges civil rights violations arising from an alleged sexual assault by a doctor and several other incidents. On August 27, 2025, the court dismissed all of plaintiff's claims except his sexual assault, assault, battery, negligence, and malpractice claims against the alleged assailant, defendant Voorstad. The case is now before the court on plaintiff's motion for reconsideration of that judgment, Voorstad's motion to dismiss, and several other motions. For the reasons that follow, plaintiff's revised motion for leave to proceed *in forma pauperis* will be granted, but all other pending motions will be denied.

## I. BACKGROUND

Plaintiff, Thurmond Allen Jr., filed this case on December 31, 2024, and the court received and docketed her[1] complaint on January 17, 2025. (Doc. 1). Although no parties were initially served with the complaint, on March 28, 2025, counsel for defendant Wellpath LLC and other defendants employed by Wellpath entered an appearance and then filed a suggestion of bankruptcy and request for stay based on Wellpath's filing for bankruptcy protection in the United States Bankruptcy Court for the Southern District of Texas. (Doc. 19). On May 15, 2025, Wellpath informed the court that it had emerged from bankruptcy protection and that the automatic bankruptcy stay no longer applied to this case. (Doc. 20). On August 27, 2025, the court lifted the stay, reviewed Allen's complaint pursuant to 28 U.S.C. §1915A(a) and 28 U.S.C. §1915(e)(2)(B)(ii), and dismissed all claims in the case except the sexual assault, assault, battery, negligence, and malpractice claims against defendant Voorstad. (Docs. 25-26).

---

[1] In an earlier case filed by plaintiff, the court referred to plaintiff by the masculine pronouns "he" and "him," which was in accordance with plaintiff's pronoun usage in that case. *See Allen v. Wellpath LLC*, No. 1:24-CV-1536, Docs. 37-38 (M.D. Pa. Aug. 20, 2025). The court now refers to plaintiff by the feminine pronouns "she" and "her" because plaintiff states in the complaint in this case that she identifies as a transgender woman and uses feminine pronouns.

Voorstad filed a motion to dismiss on September 15, 2025. (Doc. 28). Allen then filed a motion for reconsideration of the dismissal of the other defendants on September 26, 2025, along with a motion to proceed as a Jane Doe plaintiff. (Docs. 30-31). She then moved for appointment of counsel on October 10, 2025. (Doc. 35). On December 29, 2025, Voorstad moved to strike Allen's certificate of merit for noncompliance with the Pennsylvania Rules of Civil Procedure governing such certificates. (Doc. 38). Voorstad then filed a motion in limine on December 30, 2025, seeking to preclude Allen from introducing any of her evidence at trial based on her purported noncompliance with the Federal Rules of Civil Procedure governing discovery. (Doc. 40). Allen filed a motion for extension of time to respond to Voorstad's motions on January 15, 2026. (Doc. 44).

While these motions were being filed, Allen filed a notice of change of address on January 5, 2026, informing the court that she is no longer incarcerated. (Doc. 42). The Clerk of Court accordingly issued a thirty-day administrative order requiring Allen to submit a revised request for leave to proceed *in forma pauperis* or pay the requisite filing fee. (Doc. 43). Allen responded to the order by filing a motion for leave to proceed *in forma pauperis* on January 20, 2026. (Doc. 45). All of the pending motions will be resolved globally in this opinion.

## II. DISCUSSION

As a preliminary matter, the court will grant plaintiff's motion for leave to continue litigating this case *in forma pauperis* without further discussion because plaintiff has shown good cause to grant the motion. All other motions are discussed substantively below.

### A. Motion for Reconsideration

Plaintiff's motion for reconsideration will be denied as untimely. Plaintiff filed the motion on September 18, 2025,[2] 22 days after the court's dismissal order, apparently based on the belief that the motion was governed by the 28-day deadline governing motions to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59. (Doc. 31). Orders dismissing some, but not all, claims in a case, however, are not final orders subject to review under Federal Rules of Civil Procedure 59 or 60, but rather interlocutory orders governed by Federal Rule of Civil Procedure 54(b). *State Nat'l Ins. Co. v. Cnty. of Camden*, 824 F.3d 399, 406 (3d Cir. 2016). The local rules require a motion seeking reconsideration of an interlocutory order to be filed within fourteen days. M.D. Pa. L.R. 7.10; *Morgan v. Centre Cnty., Pa.*, No.

---

[2] Pursuant to the prisoner mailbox rule, the motion is deemed filed on the date it was submitted to prison officials for mailing rather than the date it was received by the court because plaintiff was incarcerated at the time she filed it.

4:23-CV-872, 2024 WL 4137318, at *7 n.78 (M.D. Pa. Sept. 10, 2024); *see also Oliver v. Wetzel*, 861 F. App'x 509, 517 n.7 (3d Cir. 2021) (concluding that district court did not abuse its discretion by dismissing interlocutory motion for reconsideration as untimely for noncompliance with Local Rule 7.10). Allen's motion needed to be filed no later than September 10, 2025, to comply with Local Rule 7.10. Because it was not filed until September 26, 2025, it will be denied as untimely.[3]

**B. Motion to Dismiss**

Voorstad's motion to dismiss advances two arguments for dismissal: (1) that Allen's malpractice and negligence claims should be dismissed because she did not file a certificate of merit; and (2) that Allen's complaint should be dismissed in its entirety because she failed to exhaust administrative remedies.

---

[3] Even if the motion were timely, it would fail on its merits. Allen's only properly developed argument for reconsideration is that the court erred in dismissing several of her claims as untimely because the limitations period was tolled by her attempts to exhaust administrative remedies during the relevant period. (*See* Doc. 32). Allen has not provided any documentary evidence to support this conclusion, and absent such evidence, the court cannot conclude that it erred. Allen's remaining arguments simply ask this court to review the same allegations in the complaint and reach a different conclusion, which is not a proper basis to move for reconsideration. *See Chesapeake Appalachia, LLC v. Scout Petroleum, LLC*, 73 F. Supp. 3d 488, 491 (M.D. Pa. 2014) (noting that A "mere disagreement" with a court's legal conclusion is not a sufficient basis for reconsideration).

Voorstad's argument regarding a certificate of merit is based on Pennsylvania Rule of Civil Procedure 1042.3, which requires a plaintiff filing a professional negligence or malpractice claim to provide a statement from an appropriate licensed professional that the actions of the defendant fell below the accepted professional standard or to state that expert testimony is not necessary to prove the claim. Pa. R. Civ. P. 1042.3.

Until very recently, this argument would have been justified by controlling precedent from the United States Court of Appeals for the Third Circuit holding that Rule 1042.3 is a substantive rule of law that must be applied by federal courts when applying Pennsylvania law. *See Schmigel v. Uchal*, 800 F.3d 113, 118 (3d Cir. 2015); *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 264-65 (3d Cir. 2011). This court finds, however, that these decisions were abrogated by the Supreme Court's recent decision in *Berk v. Choy*, __ U.S. __, __ S. Ct. __, No. 24-440, 2026 WL 135974 (Jan. 20, 2026).

In *Berk*, the plaintiff advanced a medical malpractice claim under Delaware law, but the district court dismissed it for failure to comply with a provision of Delaware law that, like Rule 1042.3, requires a plaintiff to file a certificate of merit from a licensed professional attesting to the merits of a malpractice claim. *Id.* at *2-3. The Third Circuit affirmed, holding that the

Delaware law was substantive law that needed to be applied by federal courts. *Id.* at *3.

The Supreme Court reversed. The Court first noted that when a provision of the Federal Rules of Civil Procedure governs a particular procedural question, any contrary state rules of procedure are displaced and may not be enforced in federal court. *Id.* at *4 (first citing *Hanna v. Plumer*, 380 U.S. 460, 469-74 (1965); then citing *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010)). The Court then held that the relevant Delaware law conflicts with Federal Rule of Civil Procedure 8(a)(2), which “requires only a short and plain statement of the claim” for a complaint to state a claim upon which relief may be granted. *Id.* (internal quotation marks omitted) (quoting *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)). The Court noted that Rule 8 “sets a ceiling on the information that plaintiffs can be required to provide about the merits of their claims” at the pleading stage. *Id.* The Court held that Delaware’s law, by requiring plaintiffs to file a certificate of merit with a medical malpractice claim, requires more than is required by Rule 8 and therefore conflicts with the rule. *Id.* The court therefore held that the law does not apply in federal court. *Id.*

Under *Berk*, Pennsylvania Rule of Civil Procedure 1042.3 plainly cannot apply in federal court. Just like the Delaware law at issue in *Berk*, Rule 1042.3 requires a plaintiff in a malpractice or professional negligence claim to file a certificate of merit. *See* Pa. R. Civ. P. 1042.3. By requiring the plaintiff to provide more than a short and plain statement of her claim, the law conflicts with Federal Rule of Civil Procedure 8. *Berk*, 2026 WL 135974, at *4. Thus, the court concludes that Rule 1042.3 no longer applies in federal court and that the Third Circuit's contrary decisions in *Schmigel*, 800 F.3d at 118 and *Liggon-Redding*, 659 F.3d at 264-65 have been abrogated by *Berk*. Voorstad's motion to dismiss is accordingly denied to the extent that it seeks dismissal for Allen's failure to file a certificate of merit. Voorstad's motion to strike, which similarly seeks relief based on Allen's failure to file a certificate of merit that complies with Rule 1042.3, will also be denied.

Voorstad's remaining argument that the complaint should be dismissed for Allen's failure to exhaust administrative remedies is plainly meritless. The extent of Voorstad's argument is that Allen "upon information and belief has failed to allege sufficient facts to show that she exhausted administrative remedies including filing an appeal of the prison institutions' rejection of her grievances, if any." (Doc. 29 at 11). Failure to exhaust administrative remedies, however, is an affirmative defense that must be pleaded and

proven by a defendant; it is not the plaintiff's burden to show that she exhausted administrative remedies. *Rinaldi v. United States*, 904 F.3d 257, 268 (2018). Thus, Voorstad's argument that Allen has not sufficiently pleaded exhaustion is plainly meritless and will be denied.

**C. Motion to Proceed as Jane Doe Defendant**

The court will next consider Allen's motion to proceed as a Jane Doe plaintiff. Ordinarily, a party to a lawsuit must identify herself, because the public has a common law right of access to judicial proceedings and to know who is using their courts. *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). To protect this right, Federal Rule of Civil Procedure 10(a) requires parties to identify themselves in their pleadings. "While not expressly permitted under Federal Rule of Civil Procedure 10(a), in exceptional cases courts have allowed a party to proceed anonymously." *Megless*, 654 F.3d at 408. A possibility of "embarrassment or economic harm is not enough" to permit a party to proceed anonymously. *Id.* Instead, a plaintiff must show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Id.*

"When a litigant sufficiently alleges that he or she has a reasonable fear of severe harm from litigating without a pseudonym," the court should balance several factors to determine whether allowing the party to proceed anonymously is appropriate, including:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.
>
> …
>
> [7] the universal level of public interest in access to the identities of litigants; [8] whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and [9] whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* at 409 (text altered to combine two numbered lists as one) (quoting *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 467-68 (E.D. Pa. 1997)). This list is non-exhaustive, and the court must consider any other unenumerated factors that are relevant to the specific case at issue. *Id.* (citing *Provident Life*, 176 F.R.D. at 468).

In this case, Allen argues that she should be allowed to proceed anonymously because her complaint alleges that she has been called gay, a snitch, and a rat, and that she identifies as a transgender woman. (Doc. 30 at 2). She asserts that anonymity is necessary to protect her privacy and

safety. (*Id.*) She notes that "the current political climate against LGBTI+ persons" and the rise of hate crimes against such individuals creates a risk of harm to her if she is not allowed to proceed anonymously. (*Id.* at 3). She also notes that the nature of her allegations of a sexual assault are highly sensitive and personal. (*Id.*) She states that she fears retaliatory actions against her or her family based on her allegations. (*Id.*) She asserts that her fear of harm is reasonable because she was allegedly harmed on previous occasions by prison officials and other inmates. (*Id.* at 3).

Upon review of the circumstances of this case, the court will deny Allen's request to proceed anonymously. With respect to the first *Megless* factor, the court finds that plaintiff's identity has not previously been kept confidential in any way during this litigation. Although plaintiff has sought leave to proceed as a Jane Doe plaintiff, she filed her complaint in her own name and did not identify herself as Jane Doe or any other anonymized name in any factual allegations in the complaint. (*See* Doc. 1). This factor accordingly weighs against anonymity.

The second factor—the reason for plaintiff's fear of disclosure of her identity—weighs in favor of anonymity. Allen primarily seeks to proceed anonymously because she identifies as a transgender woman. (*See* Doc. 30). The court credits Allen's assertion that transgender individuals have

been subject to increased levels of vitriol by some public figures in recent years and that this has led to animus by some members of the public towards the transgender community. The court is sympathetic to Allen's desire to avoid harm caused by the disclosure of her identity as a transgender woman. The third factor—the public interest in granting plaintiff anonymity—similarly provides some support for granting plaintiff anonymity because other members of the transgender community may also wish to have plaintiff proceed anonymously in this litigation.

      The fourth, fifth, and sixth *Megless* factors are largely immaterial to the court's analysis. There is not an unusually weak public interest in this case remaining public, nor is there any indication that Allen would refuse to proceed with this case if she were not granted anonymity or any indication that Allen has ulterior motivations in seeking anonymity. Similarly, the eighth and ninth factors are largely immaterial: plaintiff is not a public figure or another person for whom the public has a heightened interest in knowing her identity, and neither the defendant nor any third party has opposed plaintiff's motion to proceed anonymously. Finally, the seventh *Megless* factor, the universal public interest in litigation remaining public, weighs against granting Allen anonymity.

An additional, unenumerated factor the court has considered is that plaintiff has identified herself by name throughout her complaint. (Doc. 1). Given this fact, the court would either need to seal the entire docket of this case or grant plaintiff leave to file an amended complaint to identify herself as Jane Doe. Sealing the case would require the court to consider additional public interest factors that have not been briefed by either party. *See generally, e.g.*, *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662 (3d Cir. 2019). Granting plaintiff leave to file an amended complaint could potentially defeat defendant's affirmative defense of failure to exhaust administrative remedies given that plaintiff has been released from incarceration since filing this case. *See Garrett v. Wexford Health*, 938 F.3d 69, 84 (3d Cir. 2019). These additional public access concerns and potential prejudice to defendant weight against granting plaintiff anonymity.

Weighing all of these factors, the court will deny the motion for leave to proceed as a Jane Doe defendant. Although plaintiff alleges that she may suffer harm if she is not allowed to proceed anonymously, the potential harm she mentions largely pertains to actions by other inmates and staff members in a prison. (*See* Doc. 30). Given that plaintiff has been released from prison since filing her motion, the potential harm of proceeding in her own name appears to have decreased. Moreover, given that plaintiff filed her complaint

without any effort to anonymize her name in the complaint, it appears that any disclosure of her name to individuals who may have harmed her in the prison setting would have already occurred. Furthermore, the fact that the case would either need to be sealed or proceed on a new amended complaint for plaintiff to proceed anonymously creates potential additional harm to the public's right of access to the courts and the defendant's ability to litigate his affirmative defenses. Thus, although the court is sympathetic to plaintiff's concerns about the disclosure of her identity as a transgender woman, the court finds that the other relevant factors outweigh those concerns. The court will accordingly deny Allen's motion for leave to proceed as a Jane Doe defendant.

**D. Motion to Appoint Counsel**

When considering whether appointment of counsel is warranted, a court should consider: (1) the plaintiff's ability to present her case; (2) the complexity of the particular legal issues; (3) the degree to which factual investigation is required and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require testimony from expert witnesses; and (6) the plaintiff's ability to retain and afford counsel on her own behalf. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

Having considered Allen's motion to appoint counsel in light of these factors, the court will deny the motion because Allen appears to be able to litigate the case on her own behalf, the case does not present particularly complex legal issues, and the case will not likely require significant factual investigation or expert testimony.

**E. Motion in Limine**

The court next considers Voorstad's motion in limine, which seeks to preclude Allen from introducing any evidence in support of her claims if this case goes to trial due to her purported failure to respond to his discovery requests. (Doc. 40).[4]

Voorstad's motion will be denied. Motions for sanctions for a party's noncompliance with discovery rules are governed by Federal Rule of Civil

[4] Voorstad's motion also seeks sanctions based on Allen's purported failure to produce a certificate of merit for her malpractice and negligence claims and failure to make mandatory disclosures required by Federal Rule of Civil Procedure 26. (Doc. 40). These arguments are meritless. As discussed above, the Pennsylvania Rules of Civil Procedure requiring a plaintiff to produce a certificate of merit are no longer enforceable in federal court. *See Berk v. Choy*, 2026 WL 135974, at *3-4. And, as for the other argument, Rule 26 does not require initial disclosures in pro se prisoner cases. *See* Fed. R. Civ. P. 26(a)(1)(B) (stating that "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision" is "exempt from initial disclosure").

Procedure 37.[5] Rule 37 generally "requires the issuance of an order to compel" discovery "and only after failure to comply with that order should a penalty be imposed." *McMullen v. Bay Ship Mgmt.*, 335 F.3d 215, 218 (3d Cir. 2003). Here, Voorstad never filed a motion to compel discovery prior to filing his motion for sanctions. Accordingly, his motion for sanctions is denied.

Voorstad requests in the alternative that Allen be ordered to respond to his discovery requests and interrogatories. (Doc. 41). To the extent this can be construed as a motion to compel discovery, it will be denied because Voorstad has not met his burden to compel discovery. A party moving to compel discovery has the initial burden demonstrate the relevance of the information sought to a particular claim or defense. *Fassett v. Sears Holding Corp.*, 319 F.R.D. 143, 149 (M.D. Pa. 2017). It is only if this initial burden is met that the nonmovant must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Schiavone v. Luzerne County*, 343 F.R.D. 34, 37-38 (M.D. Pa. 2023).

In this case, Voorstad's motion and supporting brief have not offered any argument as to how the discovery he seeks is relevant to the case; he

[5] Although the motion is framed as a motion in limine, in substance it seeks to sanction plaintiff for noncompliance with discovery requests. (*See* Doc. 41). Such a motion is governed by Rule 37.

simply states that Allen has failed to respond to his discovery requests and interrogatories and asks the court to compel responses. (Docs. 40-41). This is insufficient to succeed on a motion to compel discovery. *Fassett*, 319 F.3d at 149.[6]

## III. CONCLUSION

For the foregoing reasons, the court will grant plaintiff's motion for leave to proceed *in forma pauperis* but deny all other pending motions. An appropriate order shall issue.

s/ Malachy E. Mannion
**Malachy E. Mannion**
**United States District Judge**

**Dated: January 23, 2026**
25-106-02

[6] Because the court has denied all of Voorstad's motions, Allen's motion for extension of time to respond to the motions will be denied as moot.